UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL C. ROGERS,

                Plaintiff,                Civil Action No. 16-11155
                                            Honorable David M. Lawson
v.                                          Magistrate Judge David R. Grand

STATE OF MICHIGAN and
MICHIGAN FRIEND OF THE COURT,

                Defendants.

_____/

**REPORT AND RECOMMENDATION
TO DISMISS PLAINTIFF'S COMPLAINT**

**I.      REPORT**

      **A.      Background**

On March 25, 2016, Plaintiff Samuel C. Rogers ("Rogers") filed a complaint against the State of Michigan and the Michigan Friend of the Court (collectively "Defendants"). (Doc. #1). However, Rogers did not tender the required $400.00 filing fee, nor did he submit an application to proceed *in forma pauperis*. The Court attempted to notify Rogers of this deficiency on March 31, 2016. (3/31/16 dkt. entry). When Rogers failed to submit either the requisite filing fee or an application to proceed *in forma pauperis*, the Court issued an Order to Show Cause on May 19, 2016.[1] (Doc. #6). The Court specifically indicated that Rogers was required to show cause, in writing, as to why this case should not be dismissed for failure to pay the requisite filing fee or to file an application to proceed *in forma pauperis*. (*Id.*).

---

[1] In that Order, the Court noted that Rogers is well aware of these requirements, as this Court issued him a similar show cause order in another action he commenced in this district. (Doc. #6 at 1 (citing Case No. 15-14211, dkt. Entry #10, 2/24/16 Order to Show Cause)).

On May 31, 2016, Rogers filed a document entitled "Response to Show Cause Order." (Doc. #8). Rogers did not tender the $400.00 filing fee, nor did he submit an application to proceed *in forma pauperis*. Moreover, in that submission, Rogers did not provide any information whatsoever about his ability (or inability) to pay the required filing fee.

Consequently, on June 9, 2016, the Court issued a Notice of Deficiency and Final Order to Show Cause, notifying Rogers that his response to the Court's prior Order to Show Cause was deficient, as it provided insufficient information to permit the Court to determine whether he is able to pay the filing fee. (Doc. #9). In that Notice of Deficiency, Rogers was again ordered to show cause, in writing, why this case should not be dismissed for want of prosecution and/or failure to comply with orders of the Court. (*Id.* at 2). Rogers was advised that if he wished his case to proceed, he had to submit the $400.00 filing fee or, alternatively, file an application for leave to proceed *in forma pauperis* on or before June 27, 2016. (*Id.*). He was specifically warned that: "**Failure to do so will result in a recommendation that this action be dismissed.**" (*Id.* (emphasis in original)).

On June 23, 2016, Rogers filed a document purporting to respond to the Court's Notice of Deficiency and Final Order to Show Cause. (Doc. #12). Again, however, Rogers failed to comply with the Court's prior order. He did not tender the $400.00 filing fee, did he submit an application to proceed *in forma pauperis*, and did not provide any detailed information whatsoever about his ability (or inability) to pay the required filing fee. Rather, he submitted a letter in which he merely made the vague and conclusory assertion that he "can't afford to pay this $400.00". (Doc. #9 at 1).

**B.** **Legal Standard**

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). All of the factors favor dismissal here.

    C.    **Analysis**

        i.    **Dismissal is Appropriate for Failure to Comply with the Court's Order to Show Cause**

With respect to the first factor, even after the Court twice warned Rogers that his failure to **pay the requisite filing fee** or to **file an application to proceed *in forma pauperis*** would result in a recommendation that his case be dismissed for failure to prosecute, he still failed to take either of those actions. His vague and conclusory assertion that he "can't afford to pay this $400.00" is clearly insufficient. (Doc. #9 at 1).[2] Therefore, even though it is not clear that Rogers' failure to adequately respond was done it bad faith, it was "certainly willful and with fault." *Morley v. Comm'r of Soc. Sec.*, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013). As to the second factor, there is only slight prejudice to Defendants, as Plaintiff's failure simply results in a delay in litigation. However, the third and fourth factors weigh heavily in favor of dismissal, as Plaintiff has been given clear warnings that the case would be dismissed if he did not take the appropriate measures in response to this Court's show cause orders. Given these facts, and in light of the Court's express warnings to Plaintiff that his case would be dismissed if

---

[2] Rogers states that the "court is aware from previous complaints and initial filing that I could not afford the filing fee at this time." (Doc. #9 at 2). While the Court is aware of at least certain of Rogers' previous complaints in this Court, those earlier filings say nothing about his *current* financial status and entitlement to proceed *in forma pauperis* in *this civil action*. Moreover, to the extent Rogers filed *IFP* applications in his prior cases, that would only further establish his understanding of what was required of him in Court's Notice of Deficiency and Final Order to Show Cause, and of his willful violation of that requirement.

4

he failed to take one of two specified actions, "dismissal is the only appropriate remedy." *Id.* at *1. For these reasons, the Court recommends dismissal of Plaintiff's complaint with prejudice.

### ii. Even if *IFP* Relief were Granted, Dismissal would Still be Appropriate under 28 U.S.C. § 1915(e)

Even if the Court were to grant Rogers' request for *IFP* relief, it would still recommend dismissing his complaint under 28 U.S.C. § 1915(e), which provides, in pertinent part, that the Court "shall dismiss" the case if the Court finds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court is required to construe Rogers' *pro se* complaint liberally and hold his complaint to a less stringent standard than one drafted by an attorney. *See Spotts v. United States,* 429 F.3d 248, 250 (6th Cir. 2005). Even applying this liberal standard, however, Rogers' complaint fails to state a claim upon which relief may be granted, and seeks monetary relief against defendants who are immune, and, thus, should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

In his complaint, Rogers asserts that he is seeking to redress "violation of [his] basic civil Rights in pursuant [sic] to the 1964 Elliott Act, and Title 42 sec. 1983." (Doc. #1 at 1). He claims that the "State of Michigan allow [sic] organize [sic] crime to interfere with Justice and the Law by allowing [his] estranged parents who have ties to organized crime to interfere with the Law." He claims that his father "bribed the Genesee County Prosecutors office in 2005, along with [his mother and another person] to falsely put [him] in jail then hole [sic] [him] in jail for a child that is not [his] child....The court never prove[d] that I am the father of this child..." (*Id.* at 1-2). He claims that he has "a twin brother with the same name Samuel Rogers who is the father of this child...which the court and Judges in the State of Michigan was aware of." (*Id.* at 2). He claims that he filed complaints "with all law enforcement in Genesee County," but that

5

the "State of Michigan accepted false documents using [his] signature and Judges [sic] signatures" to "secure false fund using [his] social security number." (*Id.* at 1). He alleges that, "also the State of Michigan and its agents engaged in criminal assault against me since I became an adult." (*Id.* at 2).

He claims that he filed a complaint with a "Commission" against the Michigan Friend of the Court in 2008 regarding its "misconduct," but that the complaint was not responded to by the Commission because, he believes, it took bribes not to respond. (*Id.*). He concludes his complaint by alleging that he was told he would have to "go through a few things before I get Stewart Motts [sic] money and that the Black people were waiting on me to get the Mott money which was left to me. These people tried to murder me using the state of Michigan and it's [sic] Agents; for years I have been filing complaint against [his father and his father's wife] with the Justice Department ... I learned that my grandmother Scott and Mott both died and left me their money with my grandfathers [sic] money which these people described in this complaint stole." (*Id.* at 3). For the reasons discussed below, all of these claims should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

First, the Court notes that earlier this year, Rogers filed a complaint regarding many of the same allegations contained in his instant complaint. (*See* Case No. 16-10136, Doc. #1 ("the State of Michigan is illegally using my social security number for a child that is not my child and the illegal use of a fraudulent document…I have a twin brother in the Rogers family with the same name…my [Circuit Court] motions were denied with no evidence…The State of Michigan Circuit Court misrepresented Michigan court rules … The people who use my name for this false child support have been trying to kill me because of me fighting against this crime…")). That prior complaint was dismissed on February 1, 2016, on grounds that the Court "lacks subject

matter jurisdiction over domestic matters such as child support. 'The Supreme Court has held that federal courts lack jurisdiction over questions of divorce, alimony, or child custody.' *See Adkins v. Adkins*, 2015 WL 6736187, at *2 (E.D. Mich. Nov. 4, 2015) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703-07 (1992))." *See* Case No. 16-10136, Doc. #4 at 2. The Court also found that it "lacks jurisdiction to review a state court order or judgment. *See Rowe v. City of Detroit*, 234 F.3d 1269, 2000 WL 1679474 (6th Cir. 2000) ('The *Rooker-Feldman* doctrine provides that federal district courts generally lack jurisdiction to review and determine the validity of state court judgments, even in the face of allegations that 'the state court's action was unconstitutional.'')." (*Id.*). Similarly, to the extent Rogers' instant complaint is premised on a challenge to prior Michigan State Court rulings regarding his child support obligations or other related matters, those claims should be dismissed.

To the extent Rogers' instant complaint purports to assert different claims against Defendants State of Michigan and Michigan Friend of the Court under 42 U.S.C. § 1983 or Michigan's Elliott Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 *et seq.*[3], those claims, too, should be dismissed. Established law makes clear that under the Eleventh Amendment to the United States Constitution, those two named defendants are immune from suit on such claims. The states and their departments are immune from suit in federal court under the Eleventh Amendment if the state has not waived immunity, and if Congress has not expressly abrogated immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984). Congress has not abrogated Eleventh Amendment by statute, nor has it done so under §1983. *See Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Further, Michigan has not

---

[3] On the first page of Rogers' complaint, he avers that he is filing the complaint "due to violation of [his] basic civil Rights in [sic] pursuant to the 1964 Elliott Larsen Act, and Title 42 sec. 1983." (Doc. #1 at 1).

waived its right to immunity from civil suit in federal court. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004).

The salient legal principles and reasoning apply equally to Rogers' state law claims. As explained in the recent decision of *Emery v. Michigan Dept. of Civil Rights*, No. 15-11467, 2016 WL 1090429, at *4 (E.D. Mich. Mar. 21, 2016):

> the Sixth Circuit has observed that "the States' constitutional [Eleventh Amendment] immunity from suit prohibits all state-law claims filed against a State in federal court,…" *Ernst*, 427 F.3d at 368; *see also Freeman*, 808 F.2d at 1179 (explaining that Michigan's enactment of the ELCRA did not operate to waive the state's Eleventh Amendment immunity, as it did not "establish that [the state] has agreed to become a defendant in federal court suits based on violations of either state or federal law"). Accordingly, Plaintiff's state-law ELCRA claims against Defendant [Michigan Department of Civil Rights] are barred by Eleventh Amendment immunity…

And, as this Court has previously recognized, Friend of the Court offices, which are created by state statute and function as arms of the state circuit courts – as well as their employees – "enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Merritt v. Lauderbach*, 2013 WL 1148410, at *4-5 (E.D. Mich. Mar. 19, 2013) (quoting *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988)). Although Rogers' allegations are somewhat difficult to decipher, he makes clear that they relate to underlying state court judicial proceedings.

Thus, to the extent Rogers pleads claims against the State of Michigan and Michigan Friend of Court, such claims are also barred by absolute immunity and should be dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

## II.     RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** dismissing Plaintiff's complaint with prejudice.

Dated: July 27, 2016                     s/David R. Grand
Ann Arbor, Michigan                      DAVID R. GRAND
                                         United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 27, 2016.

                                                s/Eddrey O. Butts
                                                EDDREY O. BUTTS
                                                Case Manager