UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL C. ROGERS,

        Plaintiff,

v.

                              Case Number 16-11155
                              Honorable David M. Lawson
                              Magistrate Judge David R. Grand

STATE OF MICHIGAN, and
MICHIGAN FRIEND OF THE COURT,

        Defendants.
_____/

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT WITHOUT PREJUDICE

Presently before the Court is the report issued on July 27, 2016 by Magistrate Judge David R. Grand pursuant to 28 U.S.C. § 636(b), recommending that the Court dismiss the plaintiff's complaint with prejudice because the plaintiff has not paid the filing fee or filed an application to proceed *in forma pauperis*. The magistrate judge's report explicitly stated that the parties to this action may object to and seek review of the recommendation within fourteen days of service of the report. The plaintiff subsequently filed a number of documents purportedly objecting to the magistrate judge's report. His first objection was mailed on August 1, 2016, however it was not received by the Clerk's office until August 24, 2016. He also filed three additional objections that appear to be continuations of his initial objection. The three subsequent objections are identical to each other, but were sent and filed on different dates. The plaintiff also filed both a summary and a letter explaining the plaintiff's theory of the case.

The plaintiff filed his complaint on March 25, 2016. Shortly thereafter, the Clerk of the Court made a docket entry noting that the plaintiff had not paid the filing fee or submitted an

application to proceed *in forma pauperis*. On May 19, 2016, the magistrate judge entered an order observing that the plaintiff had been notified of the filing deficiencies and ordering him to show cause in writing why the case should not be dismissed for failing to cure the filing defects. On May 31, 2016, the plaintiff filed a response to the show cause order that summarized his theory of the case, but failed to address his ability to pay the required filing fee. The magistrate judge subsequently issued a notice of deficiency and final order to show cause why the case should not be dismissed for want of prosecution and failure to comply with orders of the Court on or before June 27, 2016. The plaintiff filed a response saying that he was unable to pay the filing fee, but offered no further explanation. The magistrate judge subsequently filed the current report recommending that the plaintiff's case be dismissed with prejudice.

Although a document filed by a *pro se* litigant is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), such leniency "is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Objections to a magistrate judge's report "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Objections failing "'to specify the findings . . . believed [to be] in error' are too general." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 220–21 (2007) (quoting *Miller*, 50 F.3d at 380).

Even construing the plaintiff's filings liberally, there is nothing in the filings that can be construed as an objection to the report. The plaintiff's purported objections explain his theory of the case, but not any error made by the magistrate judge. In his objections, he notes that various non-parties to this case are allegedly "interfering with every job [he] had and have been trying to do everything to keep [him] financially down. . . ." But he does not explain how these individuals are

interfering with his ability to file an application to proceed *in forma pauperis*. Therefore, there have been no objections to the magistrate judge's report that need to be addressed. The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the matter. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The Court agrees with the findings of the magistrate judge. However, a dismissal for failing to pay a filing fee usually should be *without* prejudice, as it amounts to little more than a failure to prosecute. *See Brown v. Mills*, 639 F.3d 733, 734 (6th Cir. 2011) (affirming the district court's order that the petitioner's habeas petition "be dismissed without prejudice for failure to prosecute, based on his failure to pay the filing fee").

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #16] is **ADOPTED IN PART**.

It is further **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 21, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 21, 2017.

s/Julie Owens
JULIE OWENS